IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DIANA MASON,<br><br>　　　Plaintiff,<br><br>v.<br><br>JOEL FERRY et al.,<br><br>　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>Case No. 2:23-cv-00901-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia Romero |

　　　Before the court is a partial motion to dismiss filed by defendants Joel Ferry, Nathan Schweback, Mike Tribe, Bart Kettle, the State of Utah Department of Natural Resources and the Division of Oil, Gas & Mining (collectively, "Defendants"). ECF No. 12. This motion arises from a wrongful termination lawsuit filed by plaintiff Diana Mason ("Plaintiff"). For reasons set forth herein, Defendants' partial motion to dismiss is **GRANTED**.

## BACKGROUND

　　　Plaintiff was employed by the state of Utah as an Environmental Scientist I from June 11, 2001, until she was terminated on October 18, 2022. Plaintiff's termination resulted from a verbal altercation between Plaintiff and another colleague during a work retreat on September 7, 2022. A week after the conflict, Plaintiff's Human Resources representative called to speak with her about the incident. During the call, Plaintiff told her representative that she wanted to file a complaint against the colleague for making untruthful allegations against Plaintiff and others. On September 22, Plaintiff scheduled a meeting with her managers, John Baza and Bart Kettle, to provide her

testimony about the incident. However, before Plaintiff could address the issue, Baza handed her a letter notifying her of Defendants' intent to terminate her employment and placed her on administrative leave. Plaintiff alleges that this action was discriminatory because, when compared to the conduct of similarly situated white males, her behavior did not arise to a level in which she would be subject to termination.

On October 5, Plaintiff filed a complaint with the Utah Labor Commission alleging that her termination was a discriminatory action based on her race and sex. The next day, Defendants provided Plaintiff with a hearing to address her termination. At the hearing, the Director of Natural Resources, Joel Ferry, noted that he was aware of Plaintiff's concerns regarding the work colleague's animus towards her but did not investigate further. Following the hearing and additional proceedings, Defendants terminated Plaintiff.

Plaintiff filed this action alleging Defendants terminated her in violation of Title VII of the Civil Rights Act and the Utah Antidiscrimination Act. Plaintiff argues that by terminating her for the confrontation that occurred, Defendants treated her less leniently than her white male counterparts. Defendants filed a partial motion to dismiss arguing that (1) Plaintiff does not have a private right of action under the Utah Antidiscrimination Act, (2) all claims brought against individual defendants should be dismissed as inappropriate and superfluous, and (3) the Division of Oil, Gas & Mining should be dismissed as an improper party. ECF No. 12. Subsequently, Plaintiff filed a response to Defendants' motion, conceding that all Defendants except the State of Utah Department of Natural Resources should be dismissed. ECF No. 15. However, Plaintiff did not address whether the Utah Antidiscrimination Act establishes a private right of action. The court addresses this issue below.

**DISCUSSION**

The court may dismiss any action that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In evaluating a motion to dismiss under Rule 12(b)(6), the court takes the plaintiff's well-pleaded facts as true, drawing all inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's [] complaint alone is legally sufficient to state a claim for which relief may be granted." *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (internal quotation marks omitted). Defendants argue that Plaintiff fails to state a claim under the Utah Antidiscrimination Act because the Act does not establish a private right of action. The court agrees.

The plain reading of the Utah Antidiscrimination Act and case law interpreting it has established that no private right of action exists under the Act. *See Giddings v. Utah Transit Auth.*, 107 F.Supp.3d 1205, 1209 (10th Cir. 2015). Plaintiff's exclusive state law remedy for violation of the Act are the administrative procedures contained therein. *See* UTAH CODE ANN. § 34A-5-107(15) ("The procedures contained in this section are the exclusive remedy under state law for employment discrimination based upon . . . race . . . sex . . . ."); *see also Buckner v. Kennard*, 99 P.3d 842, 852 (Utah 2004) ("[T]he exclusive remedy for an employee claiming a violation of the statute is an appeal to the state Division of Antidiscrimination and Labor") (citing UTAH CODE ANN. § 34A-5-107)). Accordingly, Plaintiff's claim under the Utah Antidiscrimination Act is not legally sufficient to state a claim upon which relief may be granted. *See Peterson* 594 F.3d at 727. The court thus dismisses Plaintiff's Utah Antidiscrimination Act claim.

## CONCLUSION AND ORDER

For the reasons above, the court **GRANTS** Defendants' Partial Motion to Dismiss. Plaintiffs' claim under the Utah Antidiscrimination Act is dismissed. Only Plaintiff's Title VII claim remains. The court dismisses Defendants Joel Ferry, Nathan Schweback, Mike Tribe, Bart Kettle, and the Division of Oil, Gas & Mining, leaving only the State of Utah Department of Natural Resources as the sole defendant.

DATED November 14, 2024

BY THE COURT

_____

Jill N. Parrish

United States District Court Judge